# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:04cv278

| | |
|---|---|
| MARK DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| FOOD LION, LLC, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on Transylvania Community Hospital, Inc.'s Motion to Quash Subpoena and defendant's Motion to Compel Compliance. Review of the voluminous materials submitted to the court on such motions reveals that the motions have been necessitated by one event not attributable to either the defendant or the hospital: plaintiff's failure to provide defendant with an appropriate release of medical records upon request of defendant's counsel.

Plaintiff, who is represented by counsel, is strongly admonished, cautioned, and advised that tactics which delay discovery and cause undue expense are all causes for the imposition of sanctions by this court. Fed.R.Civ.P. 11(b). In this case, plaintiff responded to defendant's request for production of a medical authorization (Request for Production # 13), that such a request was "overbroad and unduly burdensome." Plaintiff's Answers and Responses, at 23. What burden this could have entailed for plaintiff is beyond the understanding of this court inasmuch as defendant supplied plaintiff with medical authorizations that were complete, except for his signature. Compounding the problem, plaintiff failed to respond to counsel for defendant's May 11, 2005, letter requesting an authorization.

-1-

Simply asserting a general objection without a basis in law is just as violative of Rule 11(b)(1)&(2), Federal Rules of Civil Procedure, as is the filing an initial pleading that is unsupported as a matter of law.[1] As does Rule 11(b)(1), this court takes a dim view of tactics which delay discovery, interfere with trial, or cause undue expense. The failure of counsel for plaintiff to return an executed medical authorization is inexcusable where, as here, plaintiff claims he "suffered severe emotional distress," Complaint, at ¶ 98, and those records have not been previously produced by plaintiff as an initial disclosure.[2] Where such failure results in the filing of motions by the medical provider and the party seeking such disclosure, the court can only conclude that plaintiff's failure to cooperate was the result of bad faith.

Rather than cause additional expense or delay to defendant, the hospital, or the taxpayers, plaintiff will be compelled to execute the previously supplied medical authorizations and deliver them to counsel for defendant not later than 5 p.m. on July 26th, 2005. After completing that task, counsel for plaintiff will show cause by showing what basis she had for objecting to Request for Production of Documents #13 in the manner she did and, ultimately, failing to provide counsel for defendant with medical authorizations. Absent a showing of good and adequate cause, the undersigned will impose sanctions which may include defendant's and the hospital's attorney fees and costs and could, if it is shown that plaintiff refused to provide the authorization, include striking paragraph 98 of the Complaint. The motions to quash and compel will, therefore, be denied without prejudice.

Based on the high quality of representation provided by counsel for plaintiff in other

---

[1] Rule 11(b) is no less applicable to signed discovery responses simply because a local rule prohibits the filing of discovery except in support of a motion.

[2] A medical authorization is also appropriate where a defendant seeks to verify that it has received all medical documents from a particular provider.

cases that have come before this court, the undersigned has hopes that such errors are attributable to simple oversight.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) Transylvania Community Hospital's Motion to Quash is denied without prejudice, and a **LIMITED PROTECTIVE ORDER** is entered providing that such non-party need not produce the requested medical information pursuant to the subpoena until such time as it receives an appropriate medical authorization;

(2) defendant's Motion to Compel is **DENIED** without prejudice;

(3) plaintiff is **COMPELLED** to deliver to counsel for defendant three properly executed medical releases not later than 5p.m.on July 26th, 2005; and

(4) in accordance with Rule 11(c)(1)(B), Federal Rules of Civil Procedure, counsel for plaintiff is further directed to **SHOW CAUSE** on or before August 1, 2005, as to why she failed to execute and deliver the requested medical releases and what basis she had for objecting to defendant's request for medical authorizations.

Counsel for Transylvania Community Hospital is advised of Local Rule 45.1(B), which provides an expeditious and cost efficient manner in which to submit medical records to the court.

**Signed: July 5, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge