# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:04 CV 278

| | |
|---|---|
| MARK DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v ) | |
| ) | |
| FOOD LION, LLC, a North Carolina ) | |
| Corporation, ) | |
| ) | |
| Defendant. ) | |

THIS CAUSE came on to be heard before the undersigned Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a motion entitled "Food Lion, LLC's Motion to Compel Deposition Attendance of Jason Gravely" filed by the defendant on September 2, 2005 and which was received by the court on September 12, 2005. In the motion the defendant requests that "this court compel Jason Gravely to appear and respond to deposition questions on September 16, 2005 at 10:00 o'clock a.m."

**Procedural History.** On the 28th of December 2004, the plaintiff filed his complaint in this matter alleging that he had been subject to race discrimination and retaliation in employment as a result of acts of the defendant. The plaintiff presented his complaint pursuant to 42 U.S.C. 1981, 42 U.S.C. 185 and the Civil Rights Act of 1964. The defendant filed an answer on January 24, 2005. The undersigned entered a Pretrial Order and Case Management Plan on March 22, 2005 which ordered that discovery be completed no later than September 1, 2005. The order also directed that

> Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based.....Motions not in compliance with this order are subject to summary denial.

The defendant scheduled the deposition of Jason Gravely who is a non-party witness for September 1, 2005 at 11:30 a.m. A subpoena, pursuant to Rule 45 of the Federal Rules of Civil Procedure was issued by the defendant and served upon Mr. Gravely by personal service on August

23, 2005. The service was made by personally delivering a copy of the subpoena to Mr. Gravely at the Transylvania County Courthouse in Brevard, North Carolina. The defendant, in its motion, states that Mr. Gravely did not appear for the taking of his deposition and thus allegedly refused to obey the subpoena that had been served upon him. The defendant now requests that the court issue an order compelling Mr. Gravely to appear for the taking of his deposition on September 16, 2005.

**Discussion.** The defendant did not provide to the court "a statement of the law, including citations of authority and the grounds on which the motion is based" as required by the Pretrial Order. The defendant further did not provide a brief as required by Local Rule 7.2 of the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina. Despite those failures, the court has determined to address the defendant's motion.

The only reference contained in the defendant's motion to any authority is the statement that the defendant's motion is made "pursuant to Rule 37 of the Federal Rules of Civil Procedure". The undersigned's research has shown that a motion to compel can be made pursuant to that rule. MDK Incorporated v Mike's Train House, Incorporated, 27 F.3d 116 (1994), however, as explained below, this is not the preferred route.

Rule 37(a) of the Federal Rules of Civil Procedure provides as follows:

> **Motion For Order Compelling Disclosure or Discovery**. A party, upon reasonable notice to other parties <u>and all persons affected thereby</u>, may apply for an order compelling disclosure or discovery as follows:

The rule requires reasonable notice to "all persons affected thereby". Mr. Gravely is a person who would be affected by any motion for an order to compel disclosure or discovery in this matter. The court has examined the electronic record in this file and cannot find that the defendant has provided any notice of its motion to Mr. Gravely or served a copy of the motion upon Mr. Gravely. A Certificate of Service is attached to the motion, however, it reflects only service upon the plaintiff's counsel. Due to the failure of the defendant to provide any notice to Mr. Gravely of the defendant's motion, the motion of the defendant will have to be denied without prejudice. If the defendant will provide notice of its motion to Mr. Gravely by serving a copy of the motion upon him,

along with this order and further, a notice of hearing, scheduling this matter for hearing at 2:00 o'clock p.m. in Courtroom #2 of the United States Courthouse in Asheville, North Carolina on September 30, 2005, then the court will hear from the defendant, the plaintiff and Mr. Gravely, who is a person affected. The notice of hearing should advise Mr. Gravely of the provisions of Rule 37(a)(4) of the Federal Rules of Civil Procedure regarding the assessment of expenses and sanctions that may be assessed against Mr. Gravely for failure to comply with the subpoena regarding the taking of his deposition.

The court points out to the defendant the provisions of Rule 45(e) of the Federal Rules of Civil Procedure. The use of Rule 45(e) is the appropriate procedure in situations such as presented here. The use of this rule expedites the resolution of the problem. For example, if the court grants the defendant's motion under Rule 37 of the Federal Rules of Civil Procedure and issues an order to Mr. Gravely to present himself to be deposed and if Mr. Gravely does not then comply with the order, then the defendant would be in the position of having to file a motion for an Order to Show Cause requesting that the court find Mr. Gravely in contempt. By utilizing the directions of Rule 45(e), this matter would be expedited by bypassing at least one hearing. The use of Rule 45(e) is preferred in Federal and also in State courts. Cochran v Cochran, 93 N.C. App. 74, 378 S.E.2d 580 (1998) Should the defendant chose to file an appropriate motion requesting an Order to Show Cause with a supporting brief as required, then this court will consider whether or not to issue an order directing Mr. Gravely to show good and sufficient cause why he should not be held in civil contempt under Rule 45(e) due to his alleged failure to comply with the subpoena. Due process would require that Mr. Gravely be given an opportunity to be heard at a meaningful time and in a meaningful manner. Fisher v Marubeni Cotton Corp., 526 F.2d 1338, 1343 (8th Cir. 1975) (Quoting Armstrong v Manzo, 380 U.S. 454, 552 (1965).

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) That the defendant's "Motion to Compel Deposition Attendance of Jason Gravely" is **DENIED** without prejudice.

**Signed: September 15, 2005**

/s/ Dennis L. Howell

Dennis L. Howell
United States Magistrate Judge