# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:04cv278

| | |
|---|---|
| MARK DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| FOOD LION, LLC, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Compel. A hearing in such motion was conducted on October 17, 2005. Having considered such motion, reviewed the pleadings, and conducted a hearing, the court enters the following Order, which reflects and incorporates the in-court disposition of such motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion to Compel is **ALLOWED** in part and **DENIED** in part as follows:

**A. Interrogatories:**

1. Defendant shall designate a corporate representative and verify all answers and supplemental answers to interrogatories;

2. Denied;

3. Denied, except as to PIC duties, which defendant shall reduce to writing and verify;

4. Defendant shall identify each PIC in Asheville Division from November 2003 through November 2004;

5. No motion;

6. Resolved;

7. Resolved;

8. Defendant to provide as to stockers only date of hire, pay, dates of pay increases, reasons for termination, from November 2003 through November 2004;

9. Defendant to provide answer in verified form;

10. No motion;

11. Defendant to provide name, business address, and business phone of each store manager from November 1998 through November 2004 in the Asheville Division;

12. Granted, for the Asheville Division from November 2003 through November 2004;

13. Denied;

14. No motion;

15. No motion;

16. Defendant shall supplement by describing the instructions provided by Ms. Carrington to the best of her recollection in a verified form;

17. Denied;

18. Resolved;

19. No motion;

20. If such statical data can be gathered, defendant to identify African-American employees terminated between November 2003 and November 2004 in the Asheville Division along with last known

address and telephone number;

21. If such statical data can be gathered, defendant to identify African-American employees who resigned between November 2003 and November 2004 in the Asheville Division along with last known address and telephone number; and

22. *et seq.*   No motion.

**B.   Requests for Production of Documents:**

1-7.   Motion resolved; however, defendant to identify BATES numbers;

8.   Denied as overly broad;

9.   Denied as overly broad, but defendant to provide another copy of privilege log to plaintiff;

10.   Denied;

11-14   No motion;

15.   Defendant to provide handwriting exemplars, times three, for the employees requested. Employees may decline;

16.   No motion;

17.   Defendant to provide EEO-1 for 2003-2004 for stores in Asheville Division. If such do not exist, defendant shall so aver;

18.   Defendant to formally respond and aver that it has provided all documents and/or that the Nickerson documents do not exist, for the period November 2003 through November 2004;

19.   No motion;

20.   Denied;

21-22  No motion;

23.  Defendant shall provide the telephone log/telephone bill for the EAP numbers provided for the period November 2003 through February 2004, provided that plaintiff can provide defendant with a telephone number he called from, other than the store phone; and

24.  Defendant shall identify records produced by its investigator in this matter and a copy of its investigative file.

It appearing that defendant's lack of complete responses to counterbalanced by plaintiff's overly broad and less than clear discovery requests, no costs will be awarded either side. The responses ordered by the court shall be provided by the defendant to the plaintiff on or before October31st, 2005

**Signed: October 18, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge