**RECEIVED**
CHARLOTTE, N.C.

NOV 2 1 2005

Clerk, U.S. Dist. Court
W. Dist. of N.C.

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**FILED**
ASHEVILLE, N.C.

NOV 30 2005

U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| MARK DAUGHERTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:04 CV 278 |
| ) | |
| FOOD LION, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Rules of Civil Procedure, and with the consent of the parties to this action, IT IS HEREBY ORDERED THAT:

1. Any party hereto producing, or providing documents, testimony or information in response to discovery or any other formal or informal request for information or documents, may designate as confidential materials all or any part thereof containing sensitive financial, trade secret, marketing, customer, research, development, proprietary, other commercial information, employee personnel data or other sensitive information the producing party wishes to protect under this Consent Protective Order. All such responses and the information contained in them are referred to herein as "confidential material."

2. The parties shall make the designation "confidential material" in the following manner:

   a. In the case of documents or other written materials, by affixing to the first page of each such document, either the words "confidential" or "Personnel Info—Confidential" by label, stamp or other method which will make that word reasonably conspicuous;

   b. In the case of video tapes, audio tapes, or other magnetic media, by affixing to the video tape, audio tape, or other magnetic media, or the case for said material, either the words "confidential" or "Personnel Info—Confidential" by label, stamp, or other method which will make that word reasonably conspicuous;

   c. In the case of large numbers of documents or bulk documents, by producing them for inspection by "qualified persons" as identified in Paragraph 4 of this Order with a statement that the information contained in the documents is confidential or Personnel Info--Confidential, and then by specifically labeling, stamping or marking as confidential only those documents which counsel for the inspecting party requests copies; and

CHARLOTTE/271110v1

d. During depositions by placing on the record where the confidential material starts and when it stops.

3. Any material thus designated as confidential material shall be revealed only to and used only by "qualified persons" as provided in Paragraph 4 of this Order and only in connection with the litigation of this case or for purposes of settlement discussions. Such confidential material shall not: (1) be used for any purpose other than the prosecution or defense of this litigation; (2) be disclosed by such qualified persons to anyone except other qualified persons; or (3) be used in any other civil action or legal proceeding without the written agreement of the party who produced the material or without further order of this Court.

4. As used herein, "qualified persons" means:

a. This Court, including its staff and any jury selected in this case, under such safeguards as are provided in this Order or as are required by this Court in the event any confidential material is to be used or introduced at trial;

b. Present and subsequent in-house and outside counsel for the parties to this action, together with their paralegals and clerical employees actually working on the case at any time;

c. Outside experts consulted or retained by counsel in connection with the preparation for trial or trial of this action;

d. Those officers, employees and agents of a party, including any insurance carrier and its personnel or others, whose access to confidential material is deemed by counsel for that party to be appropriate to the prosecution or defense of this action. Disclosure of confidential material to such a person shall be confined to those materials deemed necessary by counsel for that purpose;

e. The individual parties to this action, except that plaintiffs' counsel agrees he will not share any confidential material marked "Personnel Info—Confidential" with plaintiff; and,

f. Outside printing contractors or agents.

5. It shall be the responsibility of counsel for each party to this action to insure that qualified persons receiving confidential material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them.

6. This stipulation and Order shall be without prejudice to the right of any party to oppose production of any information on any grounds other than confidentiality or to bring before the Court at any time the question whether any particular information is or is not in fact of a confidential nature as contemplated by the provisions of this Order.

7. Nothing contained in this Order shall prevent disclosure or use of any confidential material in connection with the litigation of this case, so long as such disclosure or use is deemed necessary in the judgment of counsel proposing to disclose or use such material for the

prosecution or defense of this action. In the event that a party wishes to use information or documents designated as confidential material in any document, pleading or deposition transcript filed in this litigation, such document, pleading or transcript (or the party thereof containing confidential material) shall be filed under seal and maintained under seal by the Court, subject to further order.

8. At the completion of the above-styled lawsuit, the parties shall, upon the timely request of any party, destroy all confidential materials and all copies thereof obtained pursuant to this Order. In the alternative, upon the request of any party and with costs borne by that party, all parties shall return all confidential materials and all copies thereof obtained to the producing party. The ultimate disposition of the protected materials shall be subject to further orders of this Court.

9. If any party designates any documents, testimony or other information as confidential or Personnel Info—Confidential and any other party disputes or disagrees with the designation, the parties shall endeavor in good faith to resolve their differences of opinion.

This 18th day of ~~October,~~ November 2005.

*/s/ Dennine Howell*

CONSENTED TO:

*/s/ Robert Dungan*

~~Shannon Levine~~ Robert Dungan
One Rankin Avenue, Third Floor
Asheville, NC 28801
Phone: (828) 254-4778
Fax: (828) 254-6646
Attorneys for Plaintiff

*/s/ Parmele P. Calame*

Parmele P. Calame
Poyner & Spruill LLP
One Wachovia Center, Suite 2300
301 South College Street
Charlotte, NC 28202
Phone: (704) 342-5315
Fax: (704) 342-5264
pcalame@poynerspruill.com
ATTORNEYS FOR FOOD LION, LLC